**UNITED STATES of America for the Use and Benefit of Roy BACON**

v.

**JEFFERSON CONSTRUCTION CO.**
**et al.**

**Civ. A. No. 59–814–C.**

United States District Court
D. Massachusetts.

Feb. 8, 1961.

Samuel A. Valenti, Joseph G. Kelly, Boston, Mass., for plaintiff.

Edward C. Park, Philip M. Cronin, Boston, Mass., for Jefferson Const. Co.

Francis E. Sullivan, Boston, Mass., for Peerless Ins. Co.

John T. Bowes, Boston, Mass., for Mel Trucking & Const. Co. Inc.

CAFFREY, District Judge.

Plaintiff has filed a motion seeking an amendment and enlarging of findings of fact contained in Memorandum and Order entered herein on December 7, 1960, and a motion to vacate and relieve plaintiff from said order.

A hearing was held on February 6, 1961, and testimony was received from Nathan Paris, Assistant Treasurer, Jefferson Construction Company; Philip M. Cronin, Esq., General Counsel for Jefferson; and Francis E. Sullivan, Esq.

In the motion to vacate, plaintiff challenged the authority of Attorney Sullivan to represent Jefferson in the filing of a motion for order of repayment filed in open court without objection on November 28, 1960. Defendants in turn challenge the authority of plaintiff to raise the issue of Attorney Sullivan's authority to represent Jefferson.

Assuming, for purposes of this motion, that plaintiff does have standing to challenge the authority of Attorney Sullivan, I find that he is and was at all times material to these motions duly authorized to represent Jefferson. I find further that he was retained by a Mr. Schultz, President and Treasurer of Jefferson, and that this matter of employing Mr. Sullivan was approved by Attorney Cronin as General Counsel for Jefferson and by the General Counsel for Peerless Casualty Company, a surety company which is a party to this litigation. I further find that with regard to the relief sought in the motion for order of repayment the interests of Jefferson, Peerless, and Mel Trucking were not antagonistic *inter se* and that all three of these defendants had a common position with reference to Bacon's disgorging money he had collected and was and is retaining under a judgment vacated by the U. S. Court of Appeals for the First Circuit on November 10, 1960, 283 F.2d 265.

Both motions denied.